458

MAX R. BRODERIC, No. 2162, SAMUEL J. SIMON, No. 2163, AARON H.
    PAYNE, No. 2164, SELLAC G. GRAHAM, No. 2167, WILLIAM H.
    CRUDEN, No. 2670 AND ERNEST WITHALL, No. 2671, Claimants, vs.
    STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1937.*
*Rehearing denied June 30, 1937.*

JOSEF T. SKINNER and WILLIAM M. SCANLAN, for
claimants.

OTTO KERNER, Attorney General; JOHN KASSERMAN,
Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

In each of the above entitled claims plaintiffs seek
awards as former arbitrators of the Industrial Commission
of Illinois, such claims being for the difference between what
claimants were paid for such services and the amount which
they allege was due as compensation for such services, under
statutes then in force. All of the claimants are represented
by the same attorneys and the same questions of law and of
fact, with two exceptions, are involved in each case. On appli-
cation of claimants the cases have been consolidated and will
be disposed of in one opinion, made applicable to each:

IN THE CASE OF SAMUEL J. SIMON, No. 2163, claimant
was first appointed as an arbitrator by Governor Small,

under a commission issued November 21, 1927. He served thereunder until July 1, 1929, at which time the Industrial Commission designated him as an arbitrator and he thereafter continued to serve until June 30, 1932.

The amendment of the Civil Administrative Code, effective July 6, 1927, passed by the 55th General Assembly placing the eleven arbitrators of the Industrial Commission under said Code, is contended by Claimant Simon to have classified the holder of such position as an officer instead of an employee. Section 5 of that statute placing the arbitrators under the Code and Section 9 thereof, stating what salary should be paid, were both eliminated by action of the 56th General Assembly. We are of the opinion Claimant Simon should be classified as an officer and not an employee during the period of his service from November 21, 1927 to July 1, 1929.

The service of all other claimants was subsequent to such amendment of the Civil Administrative Code, and those serving as arbitrators thereafter would be classified as employees.

Claimant Simon received his salary in regular monthly installments at the rate of Five Thousand ($5,000.00) Dollars per annum from November 21, 1927 until July 1, 1929. Thereafter he received his salary in regular monthly installments at the rate of Four Thousand Two Hundred Fifty ($4,250.00) Dollars per annum, whereas he contends such payments should have been continued on the basis of Five Thousand ($5,000.00) Dollars per year; the difference being Two Thousand Two Hundred Fifty and 24/100 ($2,250.24) Dollars, for which he now makes claim.

IN THE CASE OF MAX R. BRODERIC, No. 2162, claimant assumed his duties as arbitrator under appointment from the Industrial Commission on September 16, 1929, and served until January 26, 1933. He received his salary in regular monthly installments of Three Hundred Fifty-four and 16/100 ($354.16) Dollars being at the rate of Four Thousand Two Hundred Fifty ($4,250.00) Dollars per year, and contends that he should have been paid at the rate of Five Thousand ($5,000.00) Dollars per year, and now seeks an award of Two Thousand Five Hundred Twenty-one and 51/100 ($2,521.51) Dollars.

In the Case of Aaron H. Payne, No. 2164, claimant served as an arbitrator under appointment by the Industrial Commission from July 1, 1930 to January 26, 1933, receiving compensation from the State for such service in regular monthly installments of Three Hundred Fifty-four and 16/100 ($354.16) Dollars, being at the rate of Four Thousand Two Hundred Fifty ($4,250.00) Dollars per annum and he now seeks an award for additional pay in the sum of One Thousand Nine Hundred Twenty-seven and 74/100 ($1,927.74), claiming that payment for his services as such arbitrator should have been at the rate of Five Thousand ($5,000.00) Dollars per year.

In the Case of Sellac G. Graham, No. 2167, claimant served as arbitrator under appointment by the Industrial Commission from September 16, 1929 to June 30, 1932. He received his salary regularly each month during said period in the sum of Three Hundred Fifty-four and 16/100 ($354.16) Dollars, being at the rate of Four Thousand Two Hundred Fifty ($4,250.00) Dollars per year, and now seeks an award of Two Thousand Ninety-three and 95/100 ($2,093.95) Dollars, contending that he should have been paid at the rate of Five Thousand ($5,000.00) Dollars per year.

In the Case of William H. Cruden, No. 2670, claimant served as an arbitrator, appointed by the Industrial Commission, from July 19, 1932 to August 31, 1933. From appointment until January 31, 1933 regular monthly salary warrants were issued to him in the sum of Three Hundred Fifty-four and 16/100 ($354.16) Dollars per month, being at the annual rate of Four Thousand Two Hundred Fifty ($4,250.00) Dollars, and from the latter date until June 30, 1933 he received monthly salary checks in the sum of Two Hundred Ninety-seven and 50/100 ($297.50) Dollars each, being at the rate of Three Thousand Five Hundred Seventy ($3,570.00) Dollars per annum, and for the months of·July and August, 1933 he received Three Hundred ($300.00) Dollars each, being at the rate of Three Thousand Six Hundred ($3,600.00) Dollars per year. He contends that he should have been paid throughout said period of service at the rate of Five Thousand ($5,000.00) Dollars per year, and he now seeks an award in the sum of One Thousand Two Hundred Thirty and 26/100 ($1,230.26) Dollars.

Counsel for respondent contends that a part of the variation in claimant's pay was due to a voluntary reduction of ten (10) per cent from the salary of Three Hundred Fifty-four and 16/100 ($354.16) Dollars per month that he was receiving.

IN THE CASE OF ERNEST WITHALL, No. 2671, claimant served as an arbitrator under appointment from the Industrial Commission, from July 1, 1932 to January 31, 1933. He also received regular monthly salary payments for said period in the sum of Three Hundred Fifty-four and 16/100 ($354.16) Dollars per month being at the rate of Four Thousand Two Hundred Fifty ($4,250.00) Dollars per year. He now seeks an award of Four Hundred Thirty-seven and 50/100 ($437.50) Dollars, claiming that he should have been paid at the rate of Five Thousand ($5,000.00) Dollars per annum.

Each of these Claimants contends that the only Acts of the Legislature which fix the salaries of arbitrators is Section 14 of the Workmen's Compensation Act, effective July 1, 1927, and July 1, 1929, and July 1, 1931, whereby the annual salary to be paid such arbitrators is fixed at Five Thousand ($5,000.00) Dollars each. Claimants contend that the action of the several General Assemblies in making appropriations for such salaries in an amount less than Five Thousand ($5,000.00) Dollars per year was ineffective so far as changing the correct salary due claimants, and that the Legislature having failed to appropriate the amount necessary to pay claimants at the annual rate of Five Thousand ($5,000.00) Dollars per year, claimants are entitled to an award for the difference in the amount that he heretofore received and the amount fixed by the terms of the Workmen's Compensation Act (and in the case of Samuel J. Simon, No. 2163, in accordance with the further provisions of the Civil Administrative Code).

The Attorney General has filed his motion to dismiss said claims, and in support thereof cites the provisions of the statute known as "An Act in relation to State finance, in force July 1, 1919, as amended".

Claimants herein in each instance, throughout their terms of service received regular monthly salary warrants from the State of Illinois, and accepted same from month to

month as received. Regardless of any rights which they may have had to have demanded and received salary in any other amounts, claimants accepted said monthly warrants regularly through their term of service.

The Illinois statute on "State Finances" contains these provisions:

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, which payments would constitute, in fact, an additional payment for work already performed and for which remuneration had already been made."

Item 3, Sec. 9, Par. 9, Chap. 127b, State Finances.

"When an appropriation is made for personal service for specific positions at a fixed rate or at a rate not to exceed a certain amount the incumbents of such positions at the time the Appropriation Law goes into effect shall be paid at such rate in full and a smaller rate may be paid to persons entering upon the duties of such positions after such Appropriation Law goes into effect."

Item 5, Sec. 9, Par. 9, Chap. 127b, State Finances.

The wording of the above Act, i. e. "The amount paid * * * shall be considered as full payment for all services rendered between the dates specified in the * * * voucher" is a direct limitation upon the right of claimants to the awards now sought by them. The question of a reduction in salary, raised by claimants, is not an issue. Every voucher under which monthly payments were made to each claimant for services performed prior thereto carries the notation as to the period of time for which payment in full is thereby being made. Regardless of any prior awards made by this court as heretofore constituted, we are of the opinion that claimants are barred from the right to any further payment, and are of the opinion that we as the court have no authority to make such award, and that the Legislature would be acting contrary to the provisions of the said statute on "State Finance" if any additional appropriation was made to cover payment for such services. The motion by the Attorney General in each case for a dismissal is hereby allowed and each of said claims is accordingly hereby dismissed.